O’CONNELL, Justice.
Petitioners, National Trucking Company and Dixie Transport Company, seek review by writ of certiorari of an order of the Florida Railroad and Public Utilities Commission, in which order the Commission approved the transfer, over opposition of the petitioners, of a certificate of public convenience and necessity authorizing intrastate transportation of motor vehicles and hauling of heavy non-liquid cargo.
All Florida Transport, Inc., who originally owned the subject certificate, issued a mortgage thereon, which mortgage was foreclosed in the circuit court sitting in Dade County. Pursuant to the final decree of foreclosure the subject certificate was offered for sale at a public judicial sale. Armlon Leonard, Trustee was the successful bidder at such sale which was conducted on October 27, 1960. In accordance with law the Clerk of said Circuit Court then issued a certificate of title to Leonard, the purchaser.
On January 31, 1961 Leonard transferred the title to said certificate of convenience and necessity to A Florida Auto Transporter, Inc. and on the same day Leonard and his transferee filed their joint application for approval of the sale and transfer, through the judicial sale, to Leonard and the transfer from Leonard to A Florida Auto Transporter, Inc.
The petitioners protested the applications for approval of the transfers, but the Commission issued its order approving both the acquisition by Leonard of the subject certificate at the judicial sale and the transfer by Leonard to A Florida Auto Transporter, Inc.
The petitioners contend that the Commission’s order approving these transfers violates the essential requirements of the law for three reasons. We will treat each of these contentions in turn.
First, petitioners contend that the subject certificate should have been canceled under the provisions of Sec. 323.10(2), F.S.A. because the certificate had been dormant for more than six (6) months at the time of the first hearing by the Commission on May 26, 1961. Petitioners also contend that because the certificate had been dormant for more than six (6) months the Commission was precluded from approving the transfer by the provisions of Sec. 323.-041(3), F.S.A.
The former holder of the subject certificate, All Florida Transport, Inc., operated under the certificate until the public sale thereof to Leonard on October 27, 1960. The certificate was not used thereafter so the period of dormancy commenced on October 27, 1960. There is no question but that the certificate has not been used for more than six (6) months. Unless we find that the running of the dormancy period was tolled, the petitioners’ contention seems to be correct.
When Leonard became the owner of the subject certificate he was not entitled to operate thereunder since the transfer to him had not been approved by the Commission as required under Sec. 323.041(1), F.S.A. As a matter of fact, under the circumstances in this case, no one could legally operate under the subject certificate from the date of the judicial sale until such time as the Commission approved the transfer to a new holder.
All that Leonard could do was seek approval by the Commission of the judicial sale of the certificate to himself. If he had not done so within six (6) months from the last operation under the certificate i.t would seem that the certificate might well be said to stand canceled under Sec. 323.-10(2), supra.
*131 However, Leonard did seek such approval on January 31, 1961, slightly more than three months after the certificate was last used. While it is true that at -the time of the first hearing on Leonard’s application, and that of his transferee, the certificate had not been used for more than six (6) months, we do not feel that the time which elapsed between the filing of his application and action thereon by the Commission can be charged against Leonard.
In a situation such as this, when one purchases a certificate of convenience and necessity at a judicial sale and under the law has no authority to operate under said certificate until the judicial transfer of the certificate is approved by the Commission, we think that the running of the prescribed dormancy period is tolled by the filing with the Commission of an application for the approval of such judicial transfer of title.
We therefore agree with the Commission that in this case the certificate was not dormant within the intendment of the statute.
As pointed out by the Commission to hold otherwise would be to allow the Commission to circumvent the power and decrees of the courts in such cases. If at the time of its purchase at a judicial sale the certificate is not dormant and the purchaser makes application to the Commission for approval of the judicial transfer before the certificate has been' dormant for the prescribed period, the Commission, by failure to act on the application, ought not be permitted to render worthless, in effect, the title conveyed in the judicial proceedings.
It seems obvious that the statutes involved do not specifically cover the situation involved in this case. However, we are convinced, as was the Commission, that it was not the legislature’s intention to bring about the cancellation of a certificate for dormancy because of non-use when the owner who had no right to use it timely sought approval by the Commission for its use.
On this point the petitioners also argue that Leonard should have tolled the running of the dormancy period by applying to the Commission for an order allowing him to suspend operations.
This argument is not sound. Sec. 323.10 (2) provides that a certificate must be canceled if not used for more than six (6) months where the company “holding” it has failed to obtain prior formal approval of suspension of operations by order of the Commission.
We do not think that one who purchases a certificate at a judicial sale is a “holder” of such certificate within the purview of this statute until such time as the transfer to him is approved by the Commission.
Leonard was not entitled to operate under the subject certificate. It would be absurd to hold that Leonard should have requested permission to suspend an operation which he had not commenced and could not legally commence.
It is obvious that the word “holder” as used in Sec. 323.10(2) refers to one previously approved by the Commission, not to a purchaser at a judicial sale who has not yet been approved by the Commission.
We therefore hold that Leonard had no obligation to request an order permitting suspension of operation in order to prevent his certificate from lapsing into dormancy. Had he done so it is doubtful that the Commission would have been justified in recognizing him as having sufficient standing as a “holder” to entitle him to make such a request.
Secondly, petitioners contend that Leonard’s application for approval of the judicial sale and consequent transfer of the subject certificate to him was insufficient because it failed to join an .indispensable *132 party, i. e., the Clerk of the Circuit Court who executed the document transferring the subject certificate to Leonard.
In this contention petitioners rely on Sec. 323.041(2), F.S.A. which requires that “all of the parties, nominal and actual, to such transaction” shall jointly apply for approval of a transfer of such a certificate.
We must reject this contention as we did the one discussed above.
In executing the certificate of title by which the subject certificate of convenience and necessity was conveyed to Leonard as successful purchaser at the judicial sale, the Clerk of the Circuit Court merely performed a ministerial duty. He never held the title to the subject certificate. He was never a “holder” thereof nor did he ever have authority to use the certificate. In no sense could he be classified as a “nominal or actual” party to the transaction within the intendment of the pertinent statute.
Petitioners’ last contention is that the former holder of the subject certificate should have secured the approval of the Commission prior to mortgaging the certificate.
Again we must disagree.
While Sec. 323.041(1) requires approval by the Commission if a certificate is to be “sold, assigned or transferred” we find no requirement that the Commission give its approval to the pledging or mortgaging of the property rights evidenced by such a certificate.
As is made obvious by this case, the ownership of a certificate is meaningless without the right to use and operate under it. It is unnecessary for the Commission to be concerned with the pledging and mortgaging of a certificate in order to control its use and in the final analysis it is the use of the certificate which is. sought to be controlled in the public interest. This may explain why the legislature did not restrict the pledging or mortgaging of such certificates.
For the reasons above expressed, the writ of certiorari is denied.
It is so ordered.
ROBERTS, C. J., and DREW, THOR-NAL and CALDWELL, JJ., concur.