BOYD, Justice.
Petitioners Dade Truck Sales, Inc., and Material Transport Co., Inc. have failed to demonstrate departures from the essential requirements of law in their consolidated petitions for review of Public Service Commission Orders Nos. 13803 and 13877. Accordingly, the Orders are approved. There is one point raised by petitioners, however, that needs a few words of explanation. It concerns the tolling of the time that establishes the dormancy of a certificate of public convenience and necessity. . "
In May of 1976 Material Transport Co., the holder, of Certificate of Public Convenience and Necessity No. 871, ceased operation of its business authorized by the Certificate. Five months later Material Transport and Dade Truck Sales filed an application with the Public Service Commission to have it transfer to Dade Truck Sales the authority conferred on Material Transport by Certificate 871. By the time a hearing had been conducted before the Commission fourteen months had passed without activity authorized by the Certificate.
Before the Commission may approve the transfer of a Certificate of Public Convenience and necessity it must find that the Certificate has not been dormant for more than six months.[1] In this case the Commission was unable to make that threshold finding. It found that Certificate 871 had been dormant for more than six months and so it disapproved the transfer. Moreover, the Commission observed that during the six months of dormancy Material Transport had not petitioned for or obtained from the Commission approval to suspend its business operation. The Commission cancelled the Certificate as required by law.[2]
Petitioners contend the timely filing of the transfer application tolled, under case law, the running of the time period that establishes dormancy. The case they rely on is National Trucking Co. v. Carter, 147 So.2d 129 (Fla.1963).
In National Trucking Co. the possessor of a certificate mortgaged it. The mortgage was foreclosed. The holder ceased opera *761 tion under it just before the judicial sale in October. After the sale the Circuit Court Clerk issued a document of title to the buyer. Three months later the buyer sold the certificate to a motor carrier and the two applied for approval of both that transfer and the transfer by way of the judicial sale. A hearing was held after the six-month dormancy period had expired but the transfers were approved. Those who protested the transfer before the Commission brought the case to this Court claiming the certificate was dormant. We held that “[Wjhen one purchases a certificate of convenience and necessity at a judicial sale and under the law has no authority to operate until the judicial transfer . is approved by the Commission . the running of the prescribed dormancy period is tolled by the filing . . . of an application [for approval of the transfer].” 147 So.2d at 131.
The Commission argues that the basis of the Court’s holding was to avoid a clash between the judiciary and a regulatory state agency. Our reading of the case bears this out.[3] The case is unique and we limit it to its facts.
Moreover, the Commission points out that in this case Material Transport Co., as the Certificate’s holder under Commission authority, had full power to operate under the Certificate, unlike the buyer in National Trucking Co., and was able to obtain from the Commission formal approval for suspension of operation which would have tolled the time. Indeed, the law provides for Commission approval of suspension and it is only without such approval that the period for dormancy may be completed.[4] The Commission is without authority to approve the transfer of a dormant Certificate.[5] And on this record there is no legal error in its finding of dormancy.
The Orders of the Public Service Commission are affirmed.
It is so ordered.
ENGLAND, C. J., and ADKINS, SUND-BERG and ALDERMAN, JJ., concur.

. “[I]f the commission finds and determines that such . transfer, is not contrary to the public interest, and that the certificate has not been dormant for more than six months, it shall enter an appropriate order in the premises.” § 323.041(3), Fla.Stat.

. “Whenever it shall appear that any motor carrier holding a certificate issued under any provision of this part has failed to operate without prior formal approval of suspension by order of the commission, for a period of six months, such certificate ... is hereby declared to be dormant and abandoned, and the commission '. . shall enter an order confirming the cancellation and revocation of such certificate.” § 323.10(2), Fla.Stat. (e. s.).

. “As pointed out by the Commission to hold otherwise would be to allow the Commission to circumvent the power and decrees of the courts in such cases. If at the time of its purchase at a judicial sale the certificate is not dormant and the purchaser makes application to the Commission for approval of the judicial transfer before the certificate has been dormant for the prescribed period, the Commission, by failure to act on the application, ought not be permitted to render worthless, in effect, the title conveyed in the judicial proceedings.” National Trucking Co. v. Carter, 147 So.2d 129, at 131 (Fla.1963).

. § 323.10(2), Fla.Stat., f. n. 2, above.

. § 323.041(3), Fla.Stat., f. n. 1, above.